IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT BENTLE,<br><br>          Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE,<br>and MID-CENTURY INSURANCE<br>COMPANY,<br><br>          Defendants. | 2:21-cv-27-BU-BMM<br><br>**ORDER** |

## INTRODUCTION

Robert Bentle ("Bentle") brought this action against Farmers Insurance Exchange and Mid-Century Insurance Company (collectively, "Mid-Century") based on breach of contract and bad faith claims arising from Bentle's alleged injury at a grocery store parking lot. (Doc. 20). The parties quickly raised a discovery dispute as well as potential legal issues with the Court during a telephonic conference. (Doc. 18). The parties submitted court-ordered briefing on those subjects. (Docs. 19, 21, 22, 23, 32). Mid-Century included a Motion for Partial Summary Judgment in their briefing. (Doc. 21). Mid-Century argues that Bentle and Mid-Century settled previously the underlying breach of contract claim.

(Doc. 22). The Court held a hearing on that motion and the other briefed issues on July 27, 2021. (Doc. 34).

## BACKGROUND

Bentle was pushing his shopping cart in a grocery store parking lot in Bozeman when a passing motorist struck the shopping cart. Bentle claims that the accident injured his left shoulder. Bentle previously had surgery on his shoulder related to a workers' compensation claim. Bentle happened to have an MRI scheduled for the day after the accident to check on post-surgery healing and to assess a potential aggravation from his reported fall from his bed onto his shoulder.

Bentle held auto insurance for two vehicles from Mid-Century at the time of the accident. The policy included a single limit $250,000 in Underinsured Motorist ("UIM") coverage and $10,000 in Medical Payments ("MP") coverage. The at-fault driver's insurer agreed the accident was the driver's fault and paid Bentle the $25,000 policy limits of that driver's coverage. Mid-Century allowed Bentle to settle with the driver for the policy limits.

Bentle filed a claim for MP and UIM coverage with Mid-Century through his counsel. The two sides exchanged settlement offers. Following a series of exchanges, Bentle's counsel wrote:

> It is also clear Farmers Insurance intends to use its vast financial resources and high litigation risk tolerance to defeat Mr. Bentle's legitimate claims if he does not accept this low ball offer. Mr. Bentle

> has succumbed and agreed to accept the $30,000 to settle his medical payments and underinsured motorist claims.
>
> Please make payment for this sum jointly to Mr. Bentle and Angel Law Firm. Our EIN is 81-0523443. A current IRS Form W9 is attached.

Mid-Century responded that same day with confirmation of those settlement terms:

> We're writing to confirm that we've settled your client's injury claim for $30,000.00 (Thirty Thousand Dollars), inclusive of all liens. We are including a release for Robert to complete but please note this is not a requirement for the settlement, simply a request.
>
> Thank you for your cooperation in bringing this matter to a conclusion.

Mid-Century included a check for $30,000 with that communication. Bentle did not sign the release, but he did cash the check a week later.

Bentle filed suit months later against Mid-Century for breach of contract and bad faith. (Docs. 1, 20). Bentle seeks UIM and MP policy coverage limits that he claims due under his insurance plan. (Docs. 1, 20). Mid-Century argues that the parties already settled the UIM and MP coverage claims with the above written exchange and payment. (Docs. 22, 23). Mid-Century filed a motion for partial summary judgment on those claims. (Doc. 22).

## ANALYSIS

A court should grant summary judgment where the movant demonstrates that no genuine dispute exists "as to any material fact" and the movant is "entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986) (emphasis in original).

The parties settled the UIM and MP coverage claims under the doctrine of accord and satisfaction. "An accord is an agreement to accept in extinction of an obligation something different" or even less than what the person is claiming. Mont. Code Ann. § 28-1-1401. "Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." *Id*. § 28-1-1402. Partial performance, "when expressly accepted by the creditor in writing in satisfaction or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation." *Id*. § 28-1-1403. "Under Montana law, cashing of a check is evidence of full satisfaction of a claim." *Kunda v. Cbb Collections*, No. CV-08-44-BLG-RFC, 2008 U.S. Dist. LEXIS 136084, at *5 (D. Mont. Aug. 15, 2008) (citing Mont. Code Ann. § 28-1-401; *Boyer v. Ettelman*, 767 P.2d 324 (Mont. 1989)).

Mid-Century made a settlement offer in writing. Bentle wrote that he "agreed to accept the $30,000 to settle his medical payments and underinsured motorist claims." (Doc. 24 at 5). Mid-Century responded to "confirm that we've

settled your client's injury claim for $30,000.00 (Thirty Thousand Dollars)." (Doc. 24 at 5). Mid-Century included a release to sign. (Doc. 24 at 5). Mid-Century clarified, however, that such release "is not a requirement for the settlement." (Doc. 24 at 5). Bentle did not sign the release. (Doc. 24 at 6). Bentle cashed the check on October 20, 2020. (Doc. 24 at 6). The parties by their own clear writing expressed an intent to settle the UIM and MP claims. Mid-Century provided payment as a part of that agreement, and Bentle accepted that payment. The application of accord and satisfaction could not be clearer.

Bentle argues that he did not in fact settle the UIM and MP claims and that they remain live. Bentle argues that that when he "us[ed] the word 'settle'" he did not intend to settle and so the parties failed to establish a "meeting of the minds." (Doc. 32 at 1). This argument fails to raise a genuine disputed fact. At the motion hearing, Bentle's counsel asserted that his writing in the settlement negotiations was clear on its face and did not require further elucidation through testimony. (Doc. 34). The Court agrees that the writing is clear. Bentle's counsel evinced an intent to settle when he wrote that he "agreed to accept the $30,000 to settle his medical payments and underinsured motorist claims." (Doc. 24 at 5).

Bentle further argues that his failure to sign a release of claims maintained his ability to raise UIM and MP claims. (Doc. 32 at 2). That argument fails as a matter of law. In *Boyer v. Ettelman*, the Montana Supreme Court applied "accord

and satisfaction in settlement of a personal injury claim" when the injured Boyer cashed the negotiated and offered settlement check but did not sign a release because Boyer knew the insurance company wanted to settle the claim. *Boyer v. Ettelman*, 767 P.2d 324, 325–27 (Mont. 1989). Mid-Century made clear in its writing that Bentle's acceptance of the release "is not a requirement for the settlement." (Doc. 24 at 5). Bentle knew from the plain face of the written exchange that the check represented settlement money. Bentle accepted the settlement, accepted that money, and cashed the check. Bentle's words and actions show clear accord and satisfaction. *See* Mont. Code Ann. § 28-1-1402.

## CONCLUSION

The Court will grant partial summary judgment on the contract claims for reasons substantially stated above. That determination also solves the discovery dispute briefed by the parties on whether Mid-Century must provide discovery on Bentle's claim file. Both parties agree that discovery on the claim file would be required once the claims have been resolved. The partial summary judgment resolves the claim, so that discovery dispute proves moot. The Court will also defer ruling on the issue of whether Bentle's counsel constitutes a witness. The Court will seek briefing on the matter should it arise.

**ORDER**

Accordingly, **IT IS ORDERED** that the Mid-Century's Motion for Partial Summary Judgment (Doc. 22) is **GRANTED**.

Dated the 4th day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court