Christopher C. Voigt (MT Bar #5911)
Marina A Tucker (MT Bar#60053543)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529
Telephone: 406-252-3441
cvoigt@crowleyfleck.com
mtucker@crowleyfleck.com

Nicholas J. Pagnotta
Alexander T. Tsomaya
WILLIAMS LAW FIRM, P.C.
235 E. Pine, P.O. Box 9440
Missoula, MT 59807-9440
Telephone: (406) 721-4350
nick@wmslaw.com
alex@wmslaw.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| ROBERT BENTLE,<br><br>          Plaintiff,<br><br>     vs.<br><br>FARMERS INSURANCE EXCHANGE,<br>and MID-CENTURY INSURANCE<br>COMPANY,<br><br>          Defendants. | Cause No.: 2:21-cv-27-BU-BMM<br><br><br>**STIPULATED PROTECTIVE<br>ORDER** |

Defendants Farmers Insurance Exchange and Mid-Century Insurance Company and Plaintiff Robert Bentle have conferred and agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this litigation ("Action"). The parties agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending these actions, and any appeals therefrom. The parties jointly stipulate to this Stipulated Protective Order ("Order") to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment.

The parties assert there is good cause for their request under Fed. R. Civ. P. 26(c). The parties anticipate that various non-publicly available documents of a sensitive, confidential nature will be produced in this litigation and not shared with the general public. Entry of this protective order will ensure the continued confidentiality of such non-publicly available information.

## STIPULATION FOR PROTECTIVE ORDER

1.     **Scope**. This Order governs the treatment of all documents and other products of discovery, all information derived or extracted therefrom and including, but not limited to, all copies, excerpts or summaries thereof of any depositions, deposition exhibits, interrogatory answers, responses to requests for

admission and any other discovery authorized by the Federal Rules of Civil

Procedure, as well as any other disclosed information (collectively "Discovery

Material") produced by any party or non-party ("Producing Party") in the above-

captioned Action, including documents and other products of discovery exchanged

by agreement of the parties outside of formal discovery.

      2.      **<u>Limitation on Use</u>**. Discovery Material may be used solely for the

prosecution, defense, appeal and/or settlement of litigation of the Action and may

be disclosed only under the circumstances and to the persons specifically provided

for in this or subsequent Court Orders, or with the prior written consent of the

Producing Party with respect to specifically identified Discovery Material and may

not be used for any other purpose, including but not limited to:

      a.      The prosecution or defense of other actions not subject to this
Order;

      b.      In any proceeding before or application to any government
agency;

      c.      In client solicitation or attorney advertising materials;

      d.      Disclosure to media or competitors of parties to the Action; or

      e.      Any purpose other than the prosecution or defense of this
Action.

      3.      **<u>Definition of Confidential Discovery Material</u>**. Any Producing

Party may designate as "Confidential" or "Confidential – Attorney's Eyes Only"

any Discovery Material that it believes in good faith contains legally protectable

information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure,

such as:

- a. Non-public or personal information including Social Security numbers, tax returns, medical, investment, credit and banking information, or other information containing financial information;

- b. Attorney-client information between a party and its attorneys;

- c. Personnel files of individuals or any part thereof;

- d. Any document or portion thereof that any Producing Party believes includes confidential, privileged, proprietary, private, and/or other sensitive information, such as, but not limited to, non-public personal, financial, corporate, and business records and data;

- e. Training materials procedures; or

- f. Trade secrets.

All Discovery Material so designated shall be referred to in this Order as

"Confidential Discovery Material" and shall be handled in strict accordance with

the terms of this Order.

4.     **Designation of Confidential Discovery Material**. For Discovery

Material in the form of physical objects or documents, such Discovery Material

shall be designated, as appropriate, by stamping or affixing, in an unobtrusive

manner, the legend "**CONFIDENTIAL**" or "**CONFIDENTIAL –**

**ATTORNEY'S EYES ONLY**" to all production pages of any document

containing Confidential Discovery Material. If the aforementioned forms of

designation are infeasible, the parties shall note the designation in the filename,

metadata and/or by written notice to counsel for the parties. Materials such as

videotapes, audio tapes, and electronic media such as computer disks, compact

discs, or DVDs, which contain or include Confidential Discovery Material, shall be

designated by affixing the appropriate legend on the package thereof. Any such

designation shall subject the document, its contents, or any portion thereof, to this

Order without any further act on the part of the Producing Party.

    a.    A Producing Party may, on the record of a deposition, or within twenty-one (21) calendar days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential under the terms of this Order. Until the above-referenced 21 day period expires, the complete deposition transcript and videotape shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. If deposition transcripts that contain information or material designated as Confidential Discovery Material are filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the section herein for the procedure for filing with the Court.

    b.    In the case of reports created by an expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part, designation shall be made by the party responsible for its creation by notation on the report.

    5.    **<u>Who May Access Confidential Discovery Material</u>**. Confidential

Discovery Material may only be disclosed, summarized, described, or otherwise

communicated or made available in whole or in part without written consent from

the Producing Party only to the following persons:

  a.  The parties to this litigation and their respective officers, directors, representatives, attorneys, legal, investigative, technical, paralegal, administrative and other support staff;

  b.  Third-party experts or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute an Acknowledgement and Consent Form ("Acknowledgement") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Acknowledgement is retained by counsel who retained such an expert or consultant. Disclosure of Confidential Discovery Material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial;

  c.  Any potential, anticipated or actual fact witness and his or her counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purpose of trial preparation, factual investigation, or discovery, provided that any such persons execute the Acknowledgement prior to disclosure and a copy of such signed Acknowledgement is retained by counsel for the party making disclosure;

  d.  The Court, court reporters, courtroom personnel, jurors, and witnesses testifying at trial, subject to the terms set forth in this Order;

  e.  Such other person(s) as the Court shall determine.

  6.  **<u>Unauthorized Disclosure of Confidential Discovery Material</u>**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must, immediately upon notice of such disclosure, (a) notify in writing the designating party of the unauthorized

disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential

Discovery Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or

persons execute the Acknowledgment.

7.      **Third Party Requests for Information**. If any receiving party is (a)

subpoenaed in another action, (b) served with a demand in another action to which

it is a party, or (c) served with any legal process by one not a party to this Action

(including any federal state or foreign government agency), seeking Discovery

Material which was produced or designated as Confidential by someone other than

the receiving party, the receiving party upon determining that such Confidential

Discovery Materials are within the scope of the demand, subpoena, or legal

process, shall give written notice, at the earliest possible time, of such subpoena,

demand or legal process, to those who produced or designated the material

Confidential. The person or party to whom the subpoena or request is directed shall

not take any position concerning the propriety of such request or subpoena or the

discoverability of the information sought that is adverse to the designating party

should the designating party oppose the request for production of such documents

or materials.

8.      **Inadvertent Failure to Designate**. The inadvertent failure to stamp a

document, or a portion thereof, with the Confidential designation in no way alters

or waives the protected and confidential nature of the document otherwise

deserving of such a designation and does not remove it from the scope of this

Order, provided that the producing party notifies the Receiving Party, in writing,

within twenty-one (21) days after becoming aware that the Confidential Discovery

Material was not properly designated. Such written notice shall identify with

specificity the information or documents the Producing Party is then designating to

be Confidential Discovery Material and shall promptly provide a replacement copy

of such material with the appropriate "Confidential" designation thereupon, and the

Receiving Party shall return the documents that lack the proper "Confidential"

designation thereupon. If such material were disclosed by the receiving party to

anyone not authorized to receive re-designated Confidential Discovery Material,

the receiving party shall make all commercially reasonable efforts to retrieve the

information promptly, or ensure its destruction, and avoid any further disclosure.

     9.      **<u>Inadvertent or Deliberate Production of Documents Subject to</u>**

**<u>Immunity from Discovery</u>**. The inadvertent disclosure or production of any

information or document that is subject to an objection on the basis of attorney

client privilege or work product protection, including, but not limited, to

information or documents that may be considered Confidential Discovery Material

under this Order, will not be deemed to waive a party's claim to its privileged or

protected nature or estop that party or the privilege holder from designating the

information or document as attorney client privileged or subject to the work product doctrine at a later date. Any receiving party receiving any such information or document must return it upon request to the Producing Party. Upon receiving such a request as to specific information or documents, the receiving party must return or destroy the information or documents to the producing party within seven calendar days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this section shall be construed as preventing any party from objecting to or challenging the designation of any Discovery Material as privileged or protected.

10.   **Procedure for Filing with the Court**. In the event a party seeks to file any document containing Confidential Discovery Material subject to protection under this Order with the Court, including via the introduction of exhibits or evidence at trial, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) by filing under seal in accordance with the Federal Rules of Civil Procedure. Should any party hereto seek to utilize any Confidential Discovery Material at trial, deposition, or a hearing in this matter, that party shall meet with counsel for the other parties in

an effort to agree upon a procedure to insure the confidentiality of such Confidential Discovery Material. In the event counsel are unable to reach agreement, the matter may be submitted to the Court and expedited consideration may be requested, including without limitation a phone hearing.

Nothing in this Order will be construed as a prior directive that any document may remain under seal. The mere designation of information as Confidential may not be sufficient to satisfy the Court's requirement for filing under seal. Each party is authorized hereunder to file a request that any materials produced in this litigation be filed under seal in accordance with this Order.

11.   **Effect on Discovery**. This Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Order imply that Discovery Material designated as Confidential under the terms of this Order is properly discoverable, relevant, or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

12.   **Advice of Clients**. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the

examination of Confidential Discovery Material produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Discovery Material produced by another party if that disclosure would be contrary to the terms of this Order.

13.   **Challenging Confidentiality Designations**. The designation of any material or document as Confidential is subject to challenge by any party. Before filing any motion or objection to a confidentiality designation, the objecting party must provide written notice identifying the challenged materials by its production number. The parties must then meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth the basis for the challenge, in accordance with paragraph 10 of this Order. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential under the terms of this Order. In the event that the challenged material's designation should be changed, the Producing Party shall reproduce copies of all materials and metadata with their designations removed or changed in accordance with the ruling within fourteen (14) calendar days of the ruling.

14.     **Termination**. Within 30 days of the final termination of this Action, including any appeals, counsel for the party who received Confidential Discovery Material shall return, or certify as destroyed, all Confidential Discovery Material, including partial or complete copies, transcriptions, extracts, abstracts, notes or summaries of Confidential Discovery Material, whether in printed, computerized, or electronic form, to the Producing Party's counsel. Counsel has the duty to compile all Confidential Discovery Material and copies thereof from their client(s) and from experts, consultants, and any other source for which the client or her/its experts or consultants are responsible, so that the Confidential Discovery Material may be returned to counsel for the Producing Party. However, for archival purposes, counsel may retain pleadings, attorney and expert or consultant work product, depositions, and correspondence and a party's own internal memoranda, all of which shall remain subject to the provisions of this Order.

15.     **Amendment**. Any party may apply to this Court, upon written notice, in accordance with the rules of this Court, for an order amending, modifying, or vacating all provisions of this Order. Nothing in this Order shall be construed as prejudicing any Producing Party's right to seek an agreement or order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Order shall constitute the entire agreement of the parties with respect

to the matters covered herein.

16.     **<u>Jurisdiction</u>**. The provisions of this Order shall survive the termination of this Action and the Court retains jurisdiction to enforce this Order. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party or by an order of the Court for good cause shown.

17.     **<u>Protections Extended to Third-Party's Confidential Material</u>**. The parties agree to extend the provisions of this Order to Confidential information produced in this case by third parties, if timely requested by the third party. Any party, in conducting discovery from non-parties in connection with the Action, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her, or its rights herein. If a non-party provides discovery to any party in connection with the Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the parties.

18.     **<u>Limitation on Use of Confidentiality Designations</u>**. This Order has been agreed to by the parties to facilitate discovery and the production of relevant information in these actions. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential Discovery Material, nor the

failure to make such designation, shall constitute evidence with respect to any issue in these actions. Similarly, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

19.     **Execution**.  This stipulation may be signed by the parties in counterpart.

Dated this 7th day of June 2022.

/s/ Geoffrey C. Angel
ANGEL LAW FIRM
803 West Babcock
Bozeman, Montana 59715
christianangel@hotmail.com

*Attorneys for Plaintiff*

/s/ Christopher C. Voigt (MT Bar #5911)
Marina A Tucker (MT Bar#60053543)
CROWLEY FLECK PLLP
P. O. Box 2529
Billings, MT  59103-2529

*Attorneys for Defendants*

DATED this 8th day of June, 2022.

Brian Morris, Chief District Judge
United States District Court