# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT BENTLE,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE, and MID-CENTURY INSURANCE COMPANY,<br><br>Defendants. | 2:21-cv-27-BU-BMM<br><br>ORDER |

## INTRODUCTION

Robert Bentle ("Bentle") brought an action in Montana state court against Farmers Insurance Group and Mid-Century Insurance Company (collectively, "Defendants") based on breach of contract and bad faith claims arising from Bentle's alleged injury at a grocery store parking lot. (Doc. 20). Bentle seeks UIM and MP policy coverage limits that he claims remain due under his insurance plan. (Docs 1); Doc. 20.) Bentle also seeks punitive damages based upon his bad faith claims. (Doc. 1); (Doc. 20.) Mid-Century removed the action to this Court based on diversity of citizenship. (Doc. 1).

Bentle filed an Amended Complaint on June 18, 2021, that substituted Farmers Insurance Exchange ("FIE") for Farmers Insurance Group. The Court

1

previously granted summary judgment for Defendants on Bentle's breach of contract claim. (Doc. 35.) Only Bentle's bad faith claims under the Montana Unfair Trade Practices Act ("UTPA") remain. (Doc. 1.)

## BACKGROUND

The Court's August 4, 2021, Order includes much of the following factual summary. (Doc. 35.) Bentle alleges that he suffered an injury to his shoulder after a vehicle struck the shopping cart Bentle was pushing through a grocery store parking lot. (Doc. 8 at 2.) This incident occurred on October 2, 2017. (*Id.*)

Bentle earlier had injured his shoulder in 2015, before the October 2, 2017, incident. (*Id.*) He received worker's compensation for this pre-2017 injury, including a shoulder surgery, and was still treating for that injury at the time of the October 2, 2017, incident. (*Id.*) Bentle also happened to have an MRI scheduled for the day after the parking lot incident to check on post-surgery healing and to assess a potential aggravation from a reported fall from his bed onto his shoulder. (*Id.*) This fall occurred on September 22, 2017. (Doc. 64 at 3.)

Bentle participated in an independent medical examination for his worker's compensation claim on February 16, 2018. (*Id.*) The independent medical examination report included no reference to the grocery parking lot incident or its potential for having caused any of Bentle's injuries. (*Id.*)

2

Bentle received the policy limit of $25,000 from the vehicle driver's insurance policy following the October 2, 2017, incident in the parking lot. (Doc. 8 at 2.) Bentle filed a claim with his insurer, Mid-Century, under his own policy in which he sought to recover underinsured motorist coverage ("UIM") and medical payments coverage ("MP"). (*Id.*)

Bentle's policy with Mid-Century included a single limit of $250,000 in UIM coverage and $10,000 in MP coverage. (Doc. 35 at 3.) Bentle filed his claim for MP and UIM coverage with Mid-Century through his counsel. (*Id.*)

FIE obtained an independent medical records review of Bentle's medical records from 2007 to December 2018. (Doc. 65 at 2.) This independent medical review revealed no documentation of any injury having resulted from the parking lot incident. (*Id.*) Defendants and Bentle's counsel ultimately exchanged settlement offers over a period of months in 2020. (Doc. 24 at 4); (Doc. 35 at 3.)

Following a series of written exchanges, Bentle's counsel provided the following response:

> It is also clear Farmers Insurance intends to use its vast financial resources and high litigation risk tolerance to defeat Mr. Bentle's legitimate claims if he does not accept this low ball offer. Mr. Bentle has succumbed and agreed to accept the $30,000 to settle his medical payments and underinsured motorist claims. Please make payment for this sum jointly to Mr. Bentle and Angel Law Firm. Our EIN is 81-0523443. A current IRS Form W9 is attached.

(Doc. 35 at 3.)

3

Mid-Century responded that same day with confirmation of those settlement terms:

> We're writing to confirm that we've settled your client's injury claim for $30,000.00 (Thirty Thousand Dollars), inclusive of all liens. We are including a release for Robert to complete but please note this is not a requirement for the settlement, simply a request. Thank you for your cooperation in bringing this matter to a conclusion.

(*Id.*)

Mid-Century included a check for $30,000 with that communication. (*Id.*) Bentle did not sign the release. Bentle cashed the check a week later. (*Id.*) Bentle filed suit months later against Mid-Century for breach of contract and bad faith. (Doc. 1); (Doc. 20.)

Mid-Century moved for summary judgment on the basis that the parties had settled the UIM and MP claims. (Doc. 22.) The Court granted Mid-Century's Motion for Partial Summary Judgment as previously discussed. (Doc. 35.) Defendants now move for summary judgment on Bentle's remaining bad faith claims. (Doc. 63.)

## DISCUSSION

Bentle's bad faith claims relate to the Defendants' conduct in settling his UIM and MP claims. (Doc. 20.) Bentle alleges that Defendants "misrepresented pertinent facts or insurance policy provisions in direct violation of Mont. Code Ann. § 33-18-201(1)." (*Id.* ¶ 38.) Bentle next claims that Defendants "refused to pay claims without conducting a reasonable investigation based upon all available information."

(*Id.* ¶ 39.) Bentle also claims that Defendants "sought to leverage certain benefits under the policy in order to force a settlement under other portions in direct violation of Mont. Code Ann. §§ 33-18-201(6) and (13)." (Doc. 20 ¶ 41.) Bentle provides no case citation or analysis to support his bad faith claims. Bentle's Response to Defendants' Motion for Summary Judgment includes no discussion of caselaw interpreting the UTPA and cites to no caselaw supporting his claims. (*See* Doc 76.) Bentle's Response also fails to address the Court's previous Order of August 4, 2021, granting partial summary judgment to Defendants. (Doc 35.)

The Court will grant summary judgment when the moving party demonstrates both an absence of material fact issues and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The summary judgment inquiry requires examining the evidence in the light most favorable to the nonmovant. Once the movant has met this initial burden, however, the party opposing the motion "may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

## I.      Defendants did not violate Mont. Code Ann. § 33-18-201(4).

Bentle bases his bad faith claims on subsection 33-18-201(4) of the UTPA. (Doc. 20); Mont. Code Ann. § 33-18-201(4). Subsection 33-18-201(4) prohibits insurers from refusing to pay a claim without first conducting a reasonable investigation. Mont. Code Ann. § 33-18-201(4). Defendants argue that Bentle's bad faith claim must fail because Defendants paid Bentle's claims. (Doc. 64 at 6.) The Court agrees.

The UTPA requires insurers to conduct a reasonable investigation only where they refuse to pay a claim. Mont. Code Ann § 33-18-201(4). The reasonableness of the investigation does not apply where an insurer has agreed to pay benefits. *See Lucht v. United Financial Casualty Co.*, 2012 WL 10096724, at *3 (D. Mont. Aug. 7, 2012). Bentle describes at length the allegedly poor quality of the Defendants' investigation into his claim. (Doc. 76 at 8-11.) Bentle contends that the disputed facts demonstrate that Defendants refused to pay MP benefits without conducting a reasonable investigation, in violation of the UTPA. The Court previously determined, however, that no genuine dispute existed as to the fact that Defendants had paid Bentle $30,000 to settle both his UIM and MP claims. (*See* Doc. 35.) Bentle ignores this point.

The Court restates its earlier determination: Defendants paid Bentle $30,000. (*Id.*) Bentle "agreed to accept the $30,000 to settle his medical payments and

6

underinsured motorist claims." (*Id.*) (citing Doc. 24 at 5.) The $30,000 represented payment for both the MP and UIM claims. *Id.* The undisputed facts again demonstrate that Defendants did not refuse to pay Bentle's MP claim. Defendants did not violate subsection 33-18-201(4) of the UTPA for this reason. Mont. Code Ann. § 33-18-201(4).

## II.  Defendants did not violate Mont. Code Ann. § 33-18-201(13).

The Court also determines that Defendants did not leverage Bentle's MP coverage against his UIM coverage. The UTPA prohibits an insurer from "fail[ing] to promptly settle claims if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage." Mont. Code Ann § 33-18-201(13). Subsection 33-18-201(13) of the UTPA only "applies to an insurer's failure to pay one type of damages for which liability has become reasonably clear in order to influence settlement of claims for other types of damages made pursuant to the same policy." *Ridley v. Guar. Nat. Ins. Co.*, 951 P.2d 987, 994 (Mont. 1997); Mont. Code Ann. § 33-18-201(13). The undisputed facts demonstrate that Defendants did not fail to offer or pay Bentle's UIM claim.

Defendants point out that Bentle has offered no proof that Defendants withheld payment of this one claim, whether disputed or not, to force Bentle to settle another claim. (Doc. 64 at 8.) Bentle does not dispute that "leverage was not

7

expressed in the negotiations" that culminated in the $30,000 settlement. (Doc. 75 at 2.) Bentle continues to claim that the "offer to pay $30,000 was not conditioned upon settlement of any claim." (*Id.* at 3.) He instead contends that Defendants leveraged his claims because the Court granted Defendants' previous Motion for Partial Summary Judgment: "[Defendants] successfully argued that by accepting $30,000 from the UIM adjuster, [Defendants] settled the MP without an offer from the MP adjuster. . . . Something [Defendants] expressly said [they] would not seek." (Doc. 76 at 11, 12.)

Defendants offered to settle Bentle's UIM claim despite their claimed dispute regarding causation. (Doc. 64 at 8); (Doc. 65-1 at 2-4.) Bentle's counsel initiated the discussion of settling both the UIM and MP claims. (Doc. 64 at 8); (Doc. 35 at 4.) Defendants had not made the UIM offer contingent upon the inclusion of an MP settlement. (Doc. 75 at 3.) Bentle's acceptance of Defendants' $30,000 offer, that combined the MP claim with the UIM claim, settled both claims. (Doc. 64 at 8.) No dispute exists as to this fact. (Doc. 35 at 4-5.)

Defendants accordingly did not fail to pay Bentle's UIM claim in order to influence settlement of his MP claim. *Ridley v. Guar. Nat. Ins. Co.*, 951 P.2d 987, 994 (Mont. 1997). Defendants did not violate subsection 33-18-201(13) of the UTPA for this reason. Mont. Code Ann. § 33-18-201(13).

**III.   Defendants did not violate Mont. Code Ann. § 33-18-201(1).**

An insurer's duty under subsection 33-18-201(1) "is simply to be truthful in its representations regarding the coverage provisions of an insurance policy." *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 213 (Mont. 2008); Mont. Code Ann. § 33-18-201(1). A misrepresentation claim under this subsection requires plaintiffs to allege a misrepresentation specifically relating to the coverage an insurance policy offers. *Id.* Bentle has failed make such an allegation. (Doc. 20); (Doc. 76.)

Defendants correctly have noted that Bentle has alleged no misrepresentations of the provisions of his insurance policies. (Doc. 64 at 9.) Bentle's Response includes no discussion of the specific policy provisions at issue in his case. (*Id.*) Bentle's allegations that Defendants misrepresented medical records and evidence comprise his sole misrepresentation-based argument. (*Id.*) Nowhere does Bentle claim that Defendants asserted that his injury and the claimed loss would not fall within his policy coverages. (*Id.* at 7-12.) Bentle's subsection 33-18-201(1) claim fails as a matter of law in the absence of any evidence that Defendants misrepresented Bentle's policy provisions. Mont. Code Ann. § 33-18-201(1).

## CONCLUSION

The Court grants Defendants' Motion for Summary Judgment for the foregoing reasons. The Court's disposition of Bentle's remaining UTPA claims renders moot Bentle's and Defendants' pending Motions in Limine (Doc. 67); (Doc. 71); (Doc. 73) and Bentle's Motion for a Rule 104 Hearing. (Doc. 69.)

## ORDER

Accordingly, **IT IS ORDERED** that:

- Defendants' Motion for Summary Judgment (Doc. 63) is **GRANTED**.

- Motions in Limine (Doc. 67); (Doc. 71); (Doc. 73) are **DISMISSED** as moot.

- Bentle's Motion for a Rule 104 Hearing (Doc. 69) is **DIMISSED** as moot.

DATED this 19th day of December, 2022.

Brian Morris, Chief District Judge
United States District Court